STATE OF MINNESOTA

IN SUPREME COURT



August 1, 2016

OFFICE OF
APPELLATE COURTS

ADM 10-8041
ADM 10-8040

**ORDER PROMULGATING AMENDMENTS TO
THE RULES OF JUVENILE PROTECTION PROCEDURE**

Following amendments to the Rules of Juvenile Protection Procedure promulgated in 2015, we directed the Supreme Court Advisory Committee on the Rules of Juvenile Protection, Adoption, and Guardian Ad Litem Procedure to monitor the rules and report by April 1, 2016, whether the committee recommended any additional amendments to facilitate the continued transition by the judicial branch to a more universal electronic court environment. The committee met in 2016 to address issues and questions that arose after the 2015 amendments to the rules and to consider possible amendments in light of other changes in the law. On March 30, 2016, the committee filed its report, which recommended amendments to clarify public access to juvenile-protection case records, and recommended technical amendments to resolve discrepancies with other laws.

In an order filed April 21, 2016, we opened a public-comment period on the proposed amendments to these rules. Four written comments were filed, by the Minnesota State Bar Association, the Minnesota County Attorneys Association, the Minnesota Department of Human Services, and the Ombudsperson for American Indian Families.

The court has carefully considered the committee's recommendations and the comments. Based on all of the files, records, and proceedings herein,

1

IT IS HEREBY ORDERED THAT:

1.     The attached amendments to the Rules of Juvenile Protection Procedure be, and the same are, prescribed and promulgated to be effective as of October 1, 2016. The rules as amended shall apply to all cases pending on, or filed on or after, the effective date, except that Rule 8.04, as amended, shall apply only to documents filed with a court on or after October 1, 2016.

2.     The inclusion of committee comments is for convenience and does not reflect court approval of those comments.

3.     The written comment of the Ombudsperson for American Indian Families filed June 20, 2016, is referred to the Advisory Committee for review and consideration, and the committee shall continue to serve and monitor the rules and these amendments as further directed by the court.

Dated:  August 1, 2016                    BY THE COURT:

Lorie S. Gildea
Chief Justice

STATE OF MINNESOTA
IN SUPREME COURT
ADM10-8041

MEMORANDUM

PER CURIAM.

Following the 2015 amendments to the Rules of Juvenile Protection Procedure, the Advisory Committee met in 2016 to review questions that were raised about access to public records in juvenile protection cases. The committee thoroughly discussed the issues and questions presented by electronic access to case records, and in a report filed March 30, 2016, recommended amendments to Rule 8 to further refine the list of documents and information that remain confidential under these rules. Written comments were filed by the Minnesota State Bar Association, the Minnesota County Attorneys Association, the Ombudsperson for American Indian Families, and the Commissioner of the Minnesota Department of Human Services.

In the amendments promulgated today, we have adopted some of the proposed revisions offered by the commenters, and we refer to the Advisory Committee for the Rules on Juvenile Protection Procedure the Ombudsperson's comment regarding Rule 8.04, subdivision 2(k). With respect to comments regarding access to public case records, however, we repeat what we said in 2015: although the concerns that must be balanced in these matters are weighty, Rule 8.04, subdivision 2, achieves the proper balance between and among privacy interests, transparency and accountability, and the paramount concerns of a child's best interests. We therefore decline to adopt the suggestions offered in the comments to further restrict public access to these case records.

1

# AMENDMENTS TO THE RULES OF JUVENILE PROTECTION PROCEDURE

*[Note: In the following amendments, deletions are indicated by a line drawn through the words and additions are indicated by a line drawn under the words.]*

1.      **Amend Rule 1.01, as follows:**

**Rule 1.01. Scope**

These rules govern the procedure for juvenile protection matters in the juvenile courts in Minnesota. Juvenile protection matters include all matters defined in Rule 2.01(~~16~~18).

2.      **Amend Rule 3.06, as follows:**

**Rule 3.06. General Rules of Practice for the District Courts**

Except as otherwise provided by statute or these rules, Rules 1-2, 4-~~14~~16, and 901-907 of the General Rules of Practice for the District Courts apply to juvenile protection matters. Rules 3 and 101-814 of the General Rules of Practice for the District Courts do not apply to juvenile protection matters. Rule 5 of the General Rules of Practice for the District Courts does not apply to attorneys who represent Indian tribes in juvenile protection matters.

3.      **Amend Rule 8.03, as follows:**

**Rule 8.03. Access to Records Filed Prior to July 2015; Access to Records Upon Appeal**

(a) **Access to Records Filed Before July 1, 2015.** For juvenile protection case records filed before July 1, 2015, or for case records filed before October 1, 2016, in cases where a child is a party, confidential information to which access is restricted under Rule 8.04 shall, if necessary, be redacted by or at the direction of court administration staff prior to allowing access to any party, participant, or member of the public. In the case of a request for access to a petition filed before July 1, 2015, when a redacted petition has not been filed as required under Rule 33.01, court administration staff may notify the petitioner of the access request and direct the petitioner to promptly file a petition from which the confidential information has been redacted as required under Rule 33.01 so that access may be provided to the requesting individual.

* * * * *

1

*Rule 8.03 is added to clarify that access to juvenile protection case records filed with or generated by the court prior to July 1, 2015, or for case records filed prior to October 1, 2016, in cases where a child is a party, shall be denied until it is determined that the record or portion of the record requested is free of confidential information to which access is restricted under Rule 8.04. When an individual requests access to a petition filed prior to July 1, 2015, and the petition contains confidential information to which access is restricted under Rule 8.04, court administration staff may notify the petitioner of the access request and direct the petitioner to promptly file an appropriately-redacted petition so that access may be provided to the requesting individual.*

**4.     Amend Rule 8.04, as follows:**

**Rule 8.04. Juvenile Protection Case Records Inaccessible to the Public, Parties, or Participants**

* * * * *

**Subd. 2. Confidential Documents and Confidential Information.** The following juvenile protection case records are confidential documents or confidential information and are accessible to the public, parties, and participants only as specified in subdivision 3:

(a)     official transcript of testimony taken during portions of proceedings that are closed by the presiding judge;

(b)     audio or video recordings of a child alleging or describing physical abuse, sexual abuse, or neglect of any child;

(c)     victims' statements;

(d)     portions of juvenile protection case records that identify reporters of abuse or neglect;

(e)     records of HIV testing, ~~or~~ portions of records that reveal a<u>ny</u> person has undergone HIV testing<u>, or any reference to any person's HIV status</u>;

(f)     medical records, chemical-dependency evaluations and records, psychological evaluations and records, and psychiatric evaluations and records;

(g)     sexual offender treatment program reports;

(h)     portions of photographs that identify a child;

(i)     <u>notices of change of foster care placement</u> ~~applications for ex-parte emergency protective custody orders, and any resulting orders, until the hearing where all parties have an opportunity to be heard on the custody issue, provided that, if the order is requested in a child in need of protection or services (CHIPS) petition, only that portion of the petition that requests the order shall be deemed to be the application for purposes of this section (i)~~;

2

(j)  ~~records or portions of records that specifically identify~~ the identity of a minor victim or a minor perpetrator of an alleged or adjudicated sexual assault;

(k)  notice of pending court proceedings provided to an Indian tribe by the responsible social services agency pursuant to the Indian Child Welfare Act, 25 U.S.C. § 1912;

(l)  records or portions of records which the court in exceptional circumstances has deemed to be inaccessible to the public through a protective order issued under Rule 8.07;

(m)  ~~records or portions of records that identify~~ the name, address, home, or location of any shelter care facility or foster care ~~facility~~ in which a child is currently placed pursuant to law or court order ~~an emergency protective care placement, foster care placement, pre-adoptive placement, adoptive placement, or any other type of court-ordered placement,~~ except in documents consenting to adoption or transferring permanent legal and/or physical custody to a foster care provider or relative; and

(n)  signature pages containing signatures of foster parents or children whose identities are confidential~~the child's education, physical health, and mental health records contained in or attached to the case plan required under Minnesota Statutes § 260C.212, subd. 1, and identified as inaccessible under Rule 37.02, subd. 3(b)~~.

\* \* \* \* \*

**Subd. 4. Juvenile Protection Case Records Confidential and Presumptively Inaccessible to the Public Unless Authorized by Court Order.** The following juvenile protection case records are confidential and presumptively inaccessible to the public unless otherwise ordered by the court upon a finding of an exceptional circumstance:

(a) "Confidential Documents" filed under subdivision 5; and
(b) "Confidential Information Forms" filed under subdivision 5~~; and~~
~~(c) all juvenile protection case records where any child is a party~~.

**Subd. 5. Submission of Confidential Documents and Confidential Information.**
\* \* \* \* \*

(b)  **Confidential Information.** No person shall file a publicly accessible document, including without limitation, petitions and social services or guardian ad litem reports, that contains any confidential information listed in subdivision 2. Confidential information shall be omitted from the public document and filed on a separate document entitled "Confidential Information Form" (see Form 11.4 as published by the State Court Administrator), in which case the Confidential Information Form shall be designated as confidential and inaccessible to the public. The person filing a publicly accessible document is solely responsible for ensuring that all confidential information is omitted from the document and filed on a

3

separate "Confidential Information Form." <u>A person filing a document that refers to a child or foster parent using a pseudonym may reference a Form 11.4 previously filed that identifies the child or foster parent instead of filing a new Form 11.4.</u>

\* \* \* \* \*

(d)     **Noncompliance.**

(1)     **Confidential Document.**   If it is brought to the attention of court administration staff that a confidential document has not been filed under a "Confidential Document" cover sheet and/or has not been designated as confidential, court administration staff shall designate the document as confidential, ~~and~~ notify the filer of the change in designation<u>, and direct the filer to promptly file a cover sheet in compliance with subdivision 5(a) of this rule</u>.

\* \* \* \* \*

**5.     Delete all Advisory Committee Comments to Rule 8.04 and insert the following comment** *[Publisher's note: current advisory committee comments to Rule 8.04, which are deleted, are not shown here.   In addition, as the entirety of the 2016 Advisory Committee Comment is new, for readability purposes it is not underscored.]*

*2016 Advisory Committee Comment*

*Juvenile protection records are presumed to be accessible to the public. Rule 8.04 draws the line between those juvenile protection records that are accessible to the public and those that are not.  The rule helps strike a balance between preserving the privacy interests of the people involved in juvenile protection proceedings and ensuring transparency and accountability.*

*Everyone who files a document in a juvenile protection case is responsible for separating the publicly accessible portions from those that are inaccessible to the public.  The onus is on filers to ensure that the public and confidential portions of the filings are properly separated.  There are two types of records that are inaccessible to the public: confidential documents and confidential information.  Confidential documents must be designated as confidential upon filing, and must be filed with a Form 11.3 cover sheet, which is public.  Confidential information is information that must be taken out of a public document and placed onto a Form 11.4 Confidential Information Form.*

*Only judges have discretion to change the classification of a record from the classification set out in Rule 8.04.  A judge may order that a confidential record be made accessible to the public, or that a public record*

4

*be made inaccessible if exceptional circumstances exist. Judicial officers who issue orders in juvenile protection proceedings have discretion to include confidential information and confidential documents in public court orders. Judicial officers are encouraged to consider that their public court orders are immediately accessible at every state courthouse in Minnesota.*

*The rule defines three levels of access to juvenile protection records: what the public can access; what parties can access; and what participants can access. Members of the public can access confidential information or confidential documents only by filing a motion for an order granting access. Parties can access most confidential documents and confidential information, with the exceptions of recordings of children alleging or describing abuse, the identities of reporters of child abuse or neglect, and information about any person's HIV status. Participants can access confidential information or confidential documents if a judge issues an order granting them access and can request access orally or in writing without filing a formal motion for access.*

*Although confidential documents are inaccessible to the public, filers are free to discuss the contents of confidential documents in public court filings where doing so is necessary and relevant to the issues being addressed in the court filing. For example, all medical records are confidential documents. But a publicly accessible social worker report could describe a child's medical condition and progress in treatment. The social worker report could quote directly from the child's treatment records, even though the treatment records themselves are not accessible to the public. The public social worker report should not include confidential information, such as the child's HIV status or the child's identity if there is an allegation of sexual assault.*

***Categories of confidential documents:***
*Rule 8.04, subd. 2(a) precludes public access to transcripts of portions of hearings that were closed to the public by the presiding judge upon a finding of exceptional circumstances.*

*Rule 8.04, subd. 2(b) precludes public access to audio or video recordings of a child alleging or describing physical abuse, sexual abuse, or neglect of any child. This is consistent with Minn. Stat. § 13.821, which governs access to these recordings when held by an executive branch agency.*

*Rule 8.04, subd. 2(c) precludes public access to victims' statements, which includes written records of interviews with victims made under Minn. Stat. § 626.561. This is consistent with the confidential classification of*

5

*victim interviews in presentence investigation reports in criminal proceedings, pursuant to Minn. Stat. §§ 609.115, 609.2244, and 611A.037.*

*Rule 8.04, subds. 2(f) and (g) preclude public access to medical records, chemical dependency evaluations and records, psychological evaluations and records, psychiatric evaluations and records, and sexual offender treatment program reports. This is consistent with Rule 4, subd. 1(f) of the Rules of Public Access to Records of the Judicial Branch. Filers should be careful not to violate federal law by disclosing these records. Under 42 U.S.C § 290dd-2, records of all federally assisted or regulated substance abuse treatment programs are confidential and may not be disclosed by the program without consent or a court order. Disclosure procedural requirements are found in 42 C.F.R. §§ 2.1 – 2.67.*

*Rule 8.04, subd. 2(h) precludes public access to portions of photographs that identify a child. Filers are required to designate as confidential any photograph that displays a child's face or other identifying features. Any need to make the remainder of the photograph accessible to the public can be addressed through a court order issued under Rule 8.07.*

*Rule 8.04, subd. 2(i) precludes public access to notices of change of foster care placement. All of the information in these notices is confidential under subdivision 2(m). The Form 11.3 cover sheet discloses to the public that there has been a change of foster care placement.*

*Rule 8.04, subd. 2(k) precludes public access to the notice of pending proceedings given by the responsible social services agency to an Indian child's tribe or the Secretary of the Interior pursuant to 25 U.S.C. § 1912(a). The notices can contain detailed personal information about the child, and parties who receive the notices are directed to keep them confidential. 25 C.F.R. § 23.11(e)(7). Subdivision 2(k) does not preclude public access to tribal intervention motions or transfer petitions.*

*Rule 8.04, subd. 2(l) recognizes that judges may, in exceptional circumstances, issue orders precluding public access to specified records.*

*Rule 8.04, subd. 2(n) precludes public access to the signature pages of documents containing signatures of foster parents or children whose identities are confidential. This recognizes that foster parents and, occasionally, children whose identities are confidential must sign documents that are filed with the court, such as out-of-home placement plans. Classifying the signature page as confidential preserves the confidentiality*

6

*of their identities. Subdivision 2(n) does not make the remainder of the document confidential.*

***Categories of confidential information:***

*Rule 8.04, subd. 2(d) precludes public access to the identity of a reporter of abuse or neglect of a child. This is consistent with state laws restricting the disclosure of the identity of a reporter of abuse or neglect. Minn. Stat. § 626.556. It is also intended to help preserve federal funds for child abuse prevention and treatment programs. 42 U.S.C. § 5106a(b)(2). Subdivision 2(d) does not, however, apply to testimony of a witness in a proceeding that is open to the public.*

*Rule 8.04, subd. 2(e) precludes public access to any person's HIV test results, to information that reveals that any person has been tested for HIV, and to any reference to a person's HIV status. This is consistent with the classification of HIV status of crime victims under certain state and federal laws. Minn. Stat. § 611A.19, 42 U.S.C. § 14011. Additionally, federal funding for early intervention services is contingent upon HIV status being kept confidential. 42 U.S.C. §§ 300ff-61 – 300ff-63.*

*Rule 8.04, subd. 2(j) precludes public access to the identity of a minor victim or minor perpetrator of an alleged or adjudicated sexual assault. The rule is similar to the requirements of Minn. Stat. § 609.3471, and Rule 4, subd. 1(m) of the Rules of Public Access to Records of the Judicial Branch. Unlike that statute and rule, Rule 8.04, subd. 2(j) applies to all situations where there has been an allegation of sexual assault, even if the allegation is not proven. Several recommended practices are listed below in this comment.*

*Rule 8.04, subd. 2(m) precludes public access to the name, address, home, and location of the child's current shelter care or foster care placement. This is designed to reduce the risk of continued contact with someone whose parental rights have been terminated. Subd. 2(m) only makes current placements confidential. It does not make a child's past placements confidential. Subd. 2(m) does not apply to information disclosed in consent to adoption forms. Subd. 2(m) also does not apply to information disclosed in documents, such as petitions or proposed orders that are intended to transfer permanent legal and/or physical custody of a child to a foster care provider or relative. Documents containing the signature of a foster parent are addressed in subd. 2(n) (see the discussion of confidential documents above).*

7

### Use of Form 11.3:

*Every confidential document needs a Form 11.3 cover sheet. The filer should check the appropriate box on Form 11.3 to indicate the type of confidential document that is being filed.*

*Electronic filers using Form 11.3 need to file it as a separate PDF file from the confidential document. This makes it possible to make the cover sheet accessible to the public and the confidential documents inaccessible to the public.*

*Form 11.3 does not have a separate checkbox for documents referring to HIV, because having a separate checkbox would reveal to the public that there is a document referring to HIV. Documents referring to HIV should be checked as "medical records" on Form 11.3. Filers should not write anything on Form 11.3 to indicate there is a document referring to HIV.*

### Use of Form 11.4:

*Form 11.4 is used to file confidential information. If a document contains confidential information but is otherwise public, the public portion of the document must be filed as public. The confidential information is filed on a Form 11.4. Filers should file a Form 11.4 with each filing that contains confidential information, with the exception that filers may refer to a Form 11.4 that was previously filed in a case that identifies a child's identity or a foster parent's identity.*

*Some confidential information is accessible to parties and some is not. Filers who are submitting both party-accessible and party-inaccessible confidential information should use two Forms 11.4 to submit the information: one Form 11.4 that is accessible to the parties and another that is not accessible.*

*Electronic filers using Form 11.4 need to file it as a separate PDF file from the public document. This makes it possible to make the public document accessible to the public and the confidential information inaccessible to the public.*

### Recommended practices for using pseudonyms for minor victims of sexual assault:

*Do not use the child's initials when there is an allegation of sexual assault. Refer to the child as "Child 1," "Child 2," etc. The child's name, date of birth, race, gender, address, and Indian tribal status should be submitted on a Form 11.4. No Form 11.4 need be submitted if the child's identity has already been provided on a Form 11.4 in the same case. Instead,*

8

*the public document may state "Child 1 is identified on Confidential Information Form 11.4, filed on [DATE]."*

*If there are multiple children in a case and only one child's identity is confidential, all of the children should be given pseudonyms to avoid revealing the child's identity by process of elimination.*

*Use consistent pseudonyms for minor children within a juvenile protection matter and within related juvenile protection matters. Do not use gendered pronouns. Instead of "she," "he," "his," or "her," write "the child" or "the child's."*

*Sometimes, an allegation of sexual assault is made midway through a case. In such situations, the child's identity will be apparent from previously filed documents. The previously filed publicly accessible documents continue to be publicly accessible, even though they identify the child. Under Rule 8.07, a judge may, upon finding an exceptional circumstance, order that the documents be made confidential.*

*A judicial order that uses a pseudonym for a child placed in foster care should include the child's identity in a confidential attachment which is incorporated into the order. If this is not done, the foster placement may not be eligible for federal Title IV-E reimbursement.*

***Recommended practices for using pseudonyms for foster parents:***
*Foster parents should be referred to as "Foster Parent 1," "Foster Parent 2," etc. No Form 11.4 need be submitted if the foster parent's identity has already been provided on a Form 11.4 in the same case. Instead, the public document may state "Foster Parent 1 is identified on Confidential Information Form 11.4, filed on [DATE]." When assigning a pseudonym to a foster parent, consider which pseudonyms have already been used for any previous foster parents in the case.*

**6.      Amend Rule 8.05, as follows:**

**Rule 8.05. Access to Exhibits**

Juvenile protection case records received into evidence as exhibits during a hearing or trial <u>are not subject to Rule 8.04, subdivision 5, and</u> shall be accessible to the public unless subject to a protective order issued pursuant to Rule 8.07.

**7.      Amend Rule 30.02, as follows:**

## RULE 30. EMERGENCY PROTECTIVE CARE HEARING
* * * * *

**Rule 30.02. Notice of Hearing**

The court administrator, or designee, shall inform the county attorney; the responsible social services agency; the child; and the child's counsel, guardian ad litem, parent, legal custodian, spouse, Indian custodian, Indian tribe, the tribal social services agency as required by Minnesota Statutes § 260.761, subd. 2(c), and school district of residence as required by Minnesota Statutes § 127A.47, subd. 6, of the time and place of the emergency protective care hearing.

* * * * *

8.     **Amend Rule 32.03, as follows:**

## RULE 32. SUMMONS AND NOTICE
* * * *

**Rule 32.03. Notice of Emergency Protective Care or Admit/Deny Hearing**

* * * * *

    **Subd. 4. Method of Service.**

    (a)     **Emergency Protective Care Hearing.**
If the initial hearing is an emergency protective care hearing, written notice is not required to be served. Instead, the court administrator, or designee, shall use whatever method is available, including, but not limited to, phone calls, personal service, the E-Filing System, or e-mail or other electronic means agreed upon in writing by the person to be served, to inform all parties and participants identified by the petitioner in the petition, and their attorneys, and the tribal social services agency as required by Minnesota Statutes § 260.761, subd. 2(c), of the date, time, and location of the hearing.

    (b)     **Admit/Deny Hearing.** If the initial hearing is an admit/deny hearing, the court administrator shall serve the notice of hearing and petition through the E-Filing System or by personal service, U.S. mail, e-mail or other electronic means agreed upon in writing by the person to be served, or as otherwise directed by the court.

* * * * *

**9.     Amend Rule 37.02, subd. 3, as follows:**

**Rule 37.02. Child in Court-Ordered Foster Care:  Out-of-Home Placement Plan**

\*\*\*

**Subd. 3.  Content.**

(a) Generally. The out-of-home placement plan shall include a statement about whether the child and parent, legal custodian, or Indian custodian, participated in the preparation of the plan.  If a parent or legal custodian refuses to participate in the preparation of the plan or disagrees with the services recommended in the plan by the responsible social services agency, the agency shall state in the plan the attempts made to engage the parent, legal custodian, and child in case planning and note such refusal or disagreement.  The plan shall also include a statement about whether the child's guardian ad litem; the child's tribe, if the child is an Indian child; and the child's foster parent or representative of the residential facility have been consulted in the plan's preparation.  The agency shall document whether the parent, legal custodian, or Indian custodian; child, if appropriate; the child's tribe, if the child is an Indian child; and foster parents have received a copy of the plan.  When a child is in foster care due solely or in part to the child's emotional disturbance, the child's mental health treatment provider shall also be consulted in preparation of the plan and the agency shall document such consultation in the plan filed with the court.

(b) Child's Education, Health, and Mental Health Records in the Out-of-Home Placement Plan; When Accessible by Parties and Participants. The following portions of or attachments to the out-of-home placement plan shall be filed in the manner required for confidential information and confidential documents under Rule 8.04, subdivision 5, and shall be accessible only to the parties and participants of the particular juvenile protection matter as permitted under Rule 8.04 of these rules:

(1) the educational records of the child required under Minnesota Statutes, section 260C.212, subdivision 1, paragraph (c), clause (8);

(2) information pertaining to the oversight of the child's health as provided in Minnesota Statutes, section 260C.212, subdivision 1, paragraph (c), clause (9);

(3) the health records of the child required under Minnesota Statutes, section 260C.212, subdivision 1, paragraph (c), clause (10); and

(4) records of the child's diagnostic and assessment information, specific services relating to meeting the mental health care needs of the child, and treatment outcomes as provided in Minnesota Statutes, section 260C.212, subdivision 1, paragraph (c), clause (12).

11